IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Damon T. Jackson, # 1499348, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COC DeAngelo and )<br>Al Cannon Detention Center, )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 6:17-3725-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

      The plaintiff is a pre-trial detainee at the Al Cannon Detention Center in North Charleston, South Carolina. The plaintiff has brought suit against an officer at the Al Cannon Detention Center as well as against the Al Cannon Detention Center itself. In a separately-filed order, the undersigned is authorizing service of process upon defendant DeAngelo.

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to *partial* summary dismissal. The requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Excessive force is actionable under 42 U.S.C. § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). Even so, the Al Cannon Detention Center is subject to summary dismissal because it is not "person" subject to suit under Section 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases). Therefore, the Al Cannon Detention Center is entitled to summary dismissal as a party defendant.

Based on the foregoing, it is recommended that the district court summarily dismiss the Al Cannon Detention Center *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

September 22, 2015                           s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).